

**FILED**
**APRIL 11, 2007**
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DONNIE RAY CLAYTON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-0054 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS AS TIME BARRED

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner DONNIE RAY CLAYTON. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus be DISMISSED as time barred.

### I.
### PROCEDURAL HISTORY

On June 7, 2005, pursuant to his guilty plea, petitioner was convicted of the offenses of evading arrest with a vehicle, unauthorized use of a motor vehicle, and possession of a controlled substance out of the 108th Judicial District Court of Potter County, Texas, and was sentenced to two (2) years imprisonment in a state jail facility of the Texas Department of Criminal Justice, Institutional Division, said sentences to run consecutively. *See State v. Clayton*, Cause Nos.

50,101-E, 50,377-E, and 50,937-E. The Potter County on-line dockets indicate petitioner was awarded jail credit in the judgments entered in each case. Petitioner did not appeal his convictions or sentences to the appropriate state appellate court.

On June 8, 2006, petitioner filed an application for a state writ of habeas corpus in each case challenging his conviction and sentence. On September 20, 2006, the Texas Court of Criminal Appeals denied petitioner's applications without written order. *Ex parte Clayton*, Application No. 65,312-01, -02, and -03.

Petitioner, an inmate at the Formby State Jail, attests he placed the instant federal habeas corpus application in the jail mail system on March 20, 2007. In his application, petitioner alleges his confinement pursuant to the Potter County convictions and sentences is in violation of the Constitution and laws of the United States because (1) he was denied effective assistance of counsel, (2) his guilty plea was involuntarily entered, (3) his consecutive sentences are illegal because they should have been concurrent, and (4) the indictments against him were void. Petitioner also alleges he has been denied pre-conviction/pre-sentence jail time credits. Petitioner's application was received by and filed with this Court on March 22, 2007.

II.
STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's first four claims relate only to the validity of his June 7, 2005 convictions. The record does not reflect that any unconstitutional State action impeded petitioner in his filing of the instant federal writ, 28 U.S.C. § 2244(d)(1)(B), nor do petitioner's claims involve a constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C), nor has petitioner shown he could not have discovered the factual predicate of his claims until a date subsequent to the final conviction date. *See* 28 U.S.C. § 2244(d)(1)(D). Accordingly, the one-year limitation period began to run as to petitioner's first four claims on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

By his fifth claim, petitioner challenges the trial court's failure to award him pre-sentence jail time credits. This claim is thus a challenge to the validity of the June 7, 2005 judgments wherein petitioner was awarded a certain amount of jail time credits. As petitioner could have discovered the factual predicate of this claim (the failure of the trial court to award certain back jail time credits) when the judgments were entered, the one-year limitation period on petitioner's fifth

claim also began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[1] 28 U.S.C. § 2244(d)(1)(A).[2]

The state trial court imposed petitioner's 2-year stacked sentences on June 7, 2005. Petitioner had thirty (30) days in which to file a Notice of Appeal initiating a direct appeal of his convictions and sentences. *See* Tex. R. App. P. 26.2(a)(1). Petitioner, however, failed to do so. Thus, the time period in which to file his Notice of Appeal expired on July 7, 2005 and petitioner's conviction became final as of that date. Any federal habeas application challenging his state convictions and sentences was thus due on or before July 7, 2006.

On June 8, 2006, petitioner filed, with the state trial court, his state habeas applications challenging his convictions and sentences. Such applications were denied on September 20, 2006. *In re Clayton*, No. 65,312-01, -02, -03. Such filing statutorily tolled the expiration of the July 7, 2006 deadline for filing a federal habeas application for 105 days (from June 8, 2006 to September 20, 2006). The new deadline was thus extended to October 20, 2006.

Petitioner placed his federal habeas application in the prison mail system on March 20, 2007, and such application was received and filed on March 22, 2007, five (5) months after the expiration of the October 20, 2006 deadline. Consequently, petitioner's federal habeas application is time barred. Accordingly, it is the opinion of the undersigned Magistrate Judge that petitioner's federal habeas application be dismissed as time barred.

---

[1] Petitioner has not asserted in his pleadings that the failure to credit his sentences with pre-sentence jail time credits is error on the part of the respondent. Nor has petitioner asserted, or established, that he did not discover the absence of the pre-sentence credits until a date subsequent to the entry of the judgments or that he could not have discovered the absence of such credits through the exercise of due diligence until a date subsequent to the entry of the judgments.

[2] The undersigned further notes petitioner has not provided the Court with any evidence that he has exhausted his state court remedies with regard to his back jail time credit claim by submitting a time credit claim to the TDCJ-CID dispute resolution system established by Section 501.0081 of the Texas Government Code.

III.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner DONNIE RAY CLAYTON be DISMISSED as time barred.

IV.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 11th day of April 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).